**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-30576
Summary Calendar

LEON GAINES,

Plaintiff-Appellant,

versus

SEAFARER WELFARE PLAN; KENNETH
JOSEPH MILLER; CARL PETH; ROBERT
NOVECK,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana
(94-CV-3104 I)

November 30, 1995

Before POLITZ, Chief Judge, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Leon Gaines appeals the grant of an adverse summary judgment in his second lawsuit against the defendant health plan. Concluding that the judgment dismissing Gaines' first lawsuit is *res judicata* as to the issues raised by the instant complaint, we affirm.

## BACKGROUND

Gaines, proceeding *pro se*, filed the present lawsuit against Seafarers Welfare Plan

[*]Local rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

and related defendants, alleging that the Plan, after subjecting him to several medical examinations to determine his fitness for duty, committed medical malpractice compounded with fraud by concealing an injurious exposure to benzene which occurred while he was serving aboard the S/L Antarctic and the USNS Bellatrix. Gaines claims that the Plan undertook this course of action to protect the operators of the identified vessels.

The Plan answered Gaines' complaint and requested that the case be reassigned to the judge who had presided over the earlier lawsuit. In addition, the Plan moved for summary judgment contending that the dismissal of the prior lawsuit was *res judicata*. The case was reassigned and the district court granted the Plan summary judgment. Gaines timely appeals.

## ANALYSIS

Gaines prior lawsuit contained allegations that the Plan[1] was negligent and fraudulent in performing the same benzene exposure tests involved in this lawsuit. The district court dismissed these claims, finding that the statute of limitations had accrued on those claims which arose during Gaines' service on the USNS Bellatrix, and that no disputed issues of material fact existed in regard to the remaining claims. In affirming that judgment we stated that "Gaines presented no evidence, except his conclusory and unsupported allegations, that the Welfare Plan improperly administered the benzene exposure evaluations."[2] That judgment is now final, the time limits for rehearing or application for certiorari having expired.

"Federal law determines the preclusive effect of a prior federal judgment; that law provides that *res judicata* shall bar a subsequent action when a prior action involving the

---

[1]Included among the defendants in this first suit were the owners and operators of the vessels involved, including the United States Government.

[2]*Gaines v. International Marine Carriers, Inc., et al.* 53 F.3d 1282 (5th Cir. April 27, 1995) (*unpublished disposition*).

2

same parties and the same cause of action reached final judgment on the merits in a court of competent jurisdiction."[3] There is no question that the prior judgment of dismissal, in which the same parties presented identical legal claims arising from "the same nucleus of operative facts,"[4] meets all of these qualifications. Accordingly, we find the prior judgment to be *res judicata* for the issues raised by Gaines' instant complaint.

The judgment of the district court is AFFIRMED.

---

[3]*Agrilectric Power Partners., Ltd. V. General Electric Co.*, 20 F.3d 663, 664-665 (5th Cir. 1994).

[4]*Id.,* at 665 (*quotation omitted*).